UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Tyler A. Thomas,

       Plaintiff,

  -against-             **MEMORANDUM & ORDER**
                     21-CV-04237 (DG) (LB)

Eli Lilly & Company,

       Defendant.
-------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

  On July 21, 2021, *pro se* Plaintiff Tyler A. Thomas, then incarcerated at the Clallam County Corrections Facility in Port Angeles, Washington,[1] commenced this action against Defendant Eli Lilly & Company ("Eli Lilly"), alleging that Eli Lilly deceived Plaintiff by offering him prescription medication that caused severe side effects. *See generally* Compl. Also on July 21, 2021, Plaintiff filed an application to proceed *in forma pauperis*. *See* ECF No. 2.

  On July 29, 2021, the Court mailed a notice of deficient filing to Plaintiff, directing Plaintiff to complete a Prisoner Authorization Form. *See* ECF No. 4. The notice made clear that if Plaintiff did not complete and return the Prisoner Authorization Form enclosed with the notice within 14 days, his "case [would] not proceed and may be dismissed." *See* ECF No. 4 at 1.

  Plaintiff failed to timely correct his filing deficiency as directed by the Court. The Court thereafter made attempts to communicate with Plaintiff with respect to the deficiency, but mail sent to Plaintiff by the Court was returned as undeliverable. *See* ECF No. 5 (reflecting return to

---

[1] The envelope containing the Complaint bears a stamp that states: "This mail is from an inmate incarcerated in the Clallam County Corrections Facility." *See* Complaint ("Compl."), ECF No. 1 at 5.

Court of October 8, 2021 Order affording Plaintiff additional time to correct the filing deficiency and advising him that failure to correct may result in dismissal of this case), ECF No. 6 (reflecting return to Court of February 14, 2022 Order, which, *inter alia*, cautioned Plaintiff that failure to provide an updated address, and to correct the filing deficiency if Plaintiff is incarcerated, "will result in dismissal of this action"). It appears that at some point since the filing of the Complaint almost ten months ago, Plaintiff changed addresses and has failed to update the Court as to his current address.[2] Moreover, since filing the Complaint and moving for leave to proceed *in forma pauperis* almost ten months ago, Plaintiff has taken no action to prosecute his case.

Accordingly, as set forth more fully below, Plaintiff's case is dismissed, without prejudice, for failure to prosecute.

\* \* \*

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

---

[2] Notably, in his Complaint, Plaintiff states: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the [C]lerk's [O]ffice may result in the dismissal of my claim." *See* Compl. at 3-4.

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Here, the above-referenced factors weigh in favor of dismissal.

*First*, Plaintiff has taken no action to prosecute his case since filing the Complaint and moving for leave to proceed *in forma pauperis* on July 21, 2021 – almost ten months ago. *See Leybinsky v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-06154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (collecting cases demonstrating that "courts have consistently found that delays in the range of six months counsel in favor of [dismissal]"); *Jiminez v. Astrue*, No. 09-CV-00050, 2010 WL 419982, at *2 (W.D.N.Y. Jan. 29, 2010) ("Six months is a failure of significant duration."); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (dismissal for failure to prosecute proper where, *inter alia*, "proceedings ground to a halt for over seven months").

*Second*, the Court's July 29, 2021 notice of deficient filing put Plaintiff on notice that if he did not file a Prisoner Authorization Form, his "case [would] not proceed and may be dismissed." *See* ECF No. 4 at 1. The Court's subsequent attempts to afford Plaintiff notice of the consequences of his failure to cure the filing deficiency – and of his failure to update the

3

Court as to his address – were thwarted by Plaintiff's failure to provide his current address to the Court.[3]

*Third*, any further delay is likely to prejudice Defendant. Plaintiff has failed, *without explanation*, to take any action in this case for a significant period of time. Where a plaintiff has caused such an "unreasonable delay," the Court may presume prejudice to the defendant. *See Leybinsky*, 2020 WL 7295661, at *3 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

*Fourth*, although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, given the history of the proceedings to date, the "need[] to avoid calendar congestion and ensure an orderly and expeditious disposition of cases," *Cortez v. Suffolk Cnty. Corr. Facility*, No. 15-CV-01957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016), outweighs Plaintiff's interest. Here, the interest in ensuring an orderly and expeditious disposition of cases "outweighs any interest in preserving the fair chance to be heard and due process rights of a party that . . . has expressed no interest in preserving those rights." *Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-03716, 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017).

---

[3] As Plaintiff himself appears to have recognized, *see* Compl. at 3-4, *pro se* litigants must provide the court with a current address, *see Scruggs v. Fludd*, No. 19-CV-05163, 2019 WL 6827294, at *1 (E.D.N.Y. Dec. 11, 2019) (collecting cases noting that a *pro se* plaintiff has the duty to keep the court apprised of plaintiff's current address, and stating: "If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." (alteration accepted) (quotation marks omitted)); *see also Pratt v. Behari*, No. 11-CV-06167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) ("The case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute." (quotation marks omitted)).

*Fifth*, no lesser sanction than dismissal (without prejudice) would be effective in compelling Plaintiff to move this case forward. Plaintiff has had numerous months within which to be heard, but Plaintiff has taken no action to prosecute this case in that time. Plaintiff's unexplained inaction has caused this case to come to a standstill. *See Robinson v. Januszewski*, No. 11-CV-00747, 2012 WL 1247225, at *3 (E.D.N.Y. Apr. 12, 2012) (finding that no sanction other than dismissal would be available or effective "in light of plaintiff's complete failure to prosecute th[e] action or communicate in any way with the Court"); *Thompson*, 2017 WL 3887870, at *2 ("Given [plaintiff's] failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective."). Moreover, Plaintiff's failure to pay the fees required to commence this action suggests that a monetary sanction would not be effective in motivating Plaintiff to prosecute his case. *See Mannan v. Soc. Sec. Admin.*, No. 17-CV-06800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020) ("Given Plaintiff's *in forma pauperis* status, monetary sanctions cannot be relied on because the plaintiff is indigent." (alterations accepted) (quotation marks omitted)).

In sum, the above factors weigh in favor of dismissal. Accordingly, this case is dismissed, without prejudice, for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, denies *in forma pauperis* status for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: May 12, 2022
Brooklyn, New York